GABRIEL G. GREGG (SBN: 187333)
gabriel.gregg@rimonlaw.com
RIMON P.C.
800 Oak Grove Ave., Suite 250
Menlo Park, CA 94025
Telephone: (650) 461-4433
Facsimile: (650) 461-4433

Lisel M. Ferguson (SBN 207637)
lisel.ferguson@rimonlaw.com
RIMON P.C.
3579 4th Avenue
San Diego, CA 92103
Telephone: (619) 848-7329

Attorneys for Plaintiff HOT SYSTEMS, LLC

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOT SYSTEMS, LLC, a Nevada limited liability company,<br><br>                    Plaintiff,<br><br>          v.<br><br>SAN DIEGO ASSOCIATION OF GOVERNMENTS, a California public agency, and NEOLOGY, INC., a Delaware corporation.<br><br>                    Defendants. | Case No.: **'26 CV 0738 H    BJW**<br><br>**COMPLAINT FOR:**<br><br>1. **INFRINGEMENT OF U.S. PATENT NO. 10,810,578**<br>2. **INFRINGEMENT OF U.S. PATENT NO. 11,270,182**<br>3. **CONTRIBUTORY INFRINGEMENT & INDUCEMENT TO INFRINGE U.S. PATENT NOS. 10,810,578 & 11,270,182**<br><br>**[JURY TRIAL DEMANDED]** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff HOT SYSTEMS, LLC ("Plaintiff") hereby asserts the following claims for patent infringement against Defendants SAN DIEGO ASSOCIATION OF GOVERNMENTS ("SANDAG"), and NEOLOGY, INC. ("NEOLOGY") (SANDAG and NEOLOGY are together referred to as "DEFENDANTS") and alleges as follows:

## NATURE OF THE ACTION

1.      This is a civil action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

2.      DEFENDANTS have infringed and continue to infringe, have contributed to infringement and continue to contribute to infringement, and have induced and continue to induce infringement of, one or more claims of Plaintiff's U.S. Patents Nos. 10,810,578 ( the "'578 Patent") and 11,270,182 (the "'182 Patent" and together with the '578 Patent the "Patents") at least by manufacturing, advertising, selling, and offering to sell products and/or services which utilize Plaintiff's patented switchable toll transponder technology. The Patents broadly cover accused devices and methods of performing financial transactions using switchable toll transponders.

3.      Plaintiff is the legal owner by assignment of the Patents, which were duly and legally issued by the United States Patent and Trademark Office ("USPTO") to Dr. Steven Colby, Ph.D., JD. ("Dr. Colby"), the inventor of the switchable toll transponder technology, named inventor on the Patents, and the principal of Plaintiff. Dr. Colby is a serial inventor, and the named inventor on over 40 patents in various technologies issued by the USPTO including the Patents.

4.      Plaintiff seeks injunctive relief and monetary damages.

## THE PARTIES

5.      Plaintiff is a limited liability company organized and existing under the laws of Nevada with its principal place of business at 4170 Mira Loma, Reno, Nevada, 89502. Dr. Colby is the founder and Chief Executive Officer of Plaintiff.

6.      Defendant SANDAG is a California public agency with its principal place of business at 1011 Union Street, Ste. 400 San Diego, California, 92101.

7.      Upon information and belief, SANDAG directly and/or indirectly imports, develops, designs, manufactures, distributes, markets, offers to sell and/or sells infringing products and/or services in the United States, including in this District, and otherwise purposefully directs infringing activities to this district in connection with Plaintiff's patented switchable toll transponder technology, including with respect to SANDAG's FasTrak Flex products.

8.      Defendant NEOLOGY is a Delaware corporation with its principal place of business at 1917 Palomar Oaks Way Suite 110 Carlsbad, California.

9.      Upon information and belief NEOLOGY provided and continues to provide at least switchable toll transponders, including SANDAG's FasTrak Flex transponder, in the United States, including in this District, and otherwise purposefully directs infringing activities to this district in connection with Plaintiff's patented switchable toll transponder technology, including with respect to SANDAG's FasTrak Flex products and the uses thereof.

## **JURISDICTION AND VENUE**

10.      This is a civil action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

11.      This Court has subject matter jurisdiction over the matters asserted herein under 28 U.S.C. §§ 1331 and 1338(a).

12.      DEFENDANTS are subject to this Court's personal jurisdiction because DEFENDANTS haves infringed the Patents in this District by, among other things, engaging in infringing conduct within and directed at or from this District. For example, DEFENDANTS have purposefully and voluntarily utilized Plaintiff's patented switchable toll transponder technology in their FasTrak Flex products and services which are distributed to DEFENDANTS' users/customers in this District and which facilitate the remote collection of tolls by DEFENDANTS in connection therewith.

13.      Venue is proper in this District because SANDAG and NEOLOGY reside in this District and the dispute arose, in whole or in part, as a result of activities, including toll collections, in this District.

COMPLAINT FOR PATENT INFRINGEMENT

1

## THE FACTUAL BACKGROUND ON THE PATENTED TECHNOLOGY

2       14.     The Patents are based on radio frequency identification ("RFID") related inventions

3   made in 2004 and 2005. These inventions included a variety of improvements related to the

4   security and versatility of RFID identification and payment devices. Specifically, the Patents

5   include a financial device responsive to a mechanical switch and the use of this device in tolling

6   applications. The Patents are members of an extensive patent family containing multiple patents,

7   some of which have already been successfully litigated and licensed.

8       15.     Upon invention, Dr. Colby timely filed for patent protection for the switchable toll

9   transponder technology. The Patents, granted by the USPTO on August 20, 2020, and March 8,

10  2022, respectively, are entitled "RFID Financial Device Including Mechanical Switch." Plaintiff is

11  the true and correct owner of the Patents by assignment and true and correct copies of the Patents

12  are attached hereto as Exhibit A and Exhibit B. The Patents include both system claims covering

13  tolling devices and method claims covering the use of tolling devices to collect tolls. The '578

14  patent is entitled to 369 days of term extension and the '182 Patent is entitled to 2 days of term

15  extension.

16      16.     Patent '578 claims in part (Claim 1):

17          1. A radio frequency identification (RFID) system comprising:
                an antenna;
18              a switchable RFID tag configured to operate in both a first ON state and a
                    second ON state, and to transmit different information in the first ON
19                  state relative to the second ON state; and
            a mechanical sliding switch configured to change the RFID tag from the first
20              ON state to the second ON state, wherein the antenna is configured to
                transmit the different information via a first radio frequency (RF) signal
21              in the first ON state and a second RF signal in the second ON state,
                wherein the information transmitted in the first ON state indicates that
22              the RFID tag is in the first ON state, and wherein switchable RFID tag
                is configured to be mounted on a vehicle.
23
24      17.     Patent '182 claims in part (Claim 1):

25          1. A radio frequency identification (RFID) system comprising:
                an antenna;
26              a switchable RFID tag configured to operate in both a first ON state and a
                    second ON state, and to transmit different information in the first ON
27                  state relative to the second ON state; and
            a mechanical switch configured to change the RFID tag from the first ON state
28              to the second ON state, wherein the antenna is configured to transmit
                the different information via a first radio frequency (RF) signal in the

1    first ON state and a second RF signal in the second ON state, wherein
2    the information transmitted in the first ON state indicates that the RFID
     tag is in the first ON state.

3    **ACTS GIVING RISE TO THIS ACTION**

4    18.    FasTrak Flex is a switchable toll transponder which DEFENDANTS provide to

5    their users/customers, including drivers on SANDAG's toll roads, to facilitate the remote

6    collection of tolls.

7    19.    The FasTrak Flex is an identification device that uses a radio signal communicated

8    using an antenna. The FasTrak Flex includes three switch settings and the device operates in all

9    three settings. The claimed first and second ON states may correspond to any two of the switch

10   settings. Users of the device are able to see which setting the switch is set to based on writing on

11   the device, so the information sent at each switch setting is different. The FasTrak Flex includes a

12   sliding mechanical switch. Different information, and thus different signals, are sent in each ON

13   state corresponding to each switch setting. A signal is sent each time the tag is queried by a reader.

14   Readers are able to detect which setting the switch is set to, as the amount charged to the driver's

15   account is dependent on the switch setting. And the FasTrak Flex is intended to be mounted in a

16   vehicle. As such the FasTrack Flex reads on all the elements of claim 1 and claims that depend

17   therefrom, of both the '578 and '182 Patents.

18   20.    On information and belief, DEFENDANTS further perform financial transactions

19   based on drivers' use of the FasTrak Flex device. These financial transactions may include, for

20   example, charging a driver's account or billing a driver for a toll. Amounts of these financial

21   transactions may be dependent on setting of the mechanical switch of the FasTrak Flex device.

22   Specifically, a driver may receive a discount in toll based on the number of people in a vehicle.

23   This discount represents the value of a benefit, in terms of traffic management, received by

24   SANDAG.

25
26
27
28

-4-

https://www.sandag.org/projects-and-programs/roads-and-highways/fastrak





https://www.metroexpresslanes.net/how-it-works/fastrak-flex-mounting-instructions/

**DEFENDANTS' KNOWLEDGE OF THE PATENTS**

21.     SANDAG has been aware of the Patents and the fact that its products and/or services, including its FasTrak Flex products, practice the claimed inventions of such Patents since at least February 7, 2025, when a representative of Plaintiff hand-delivered a completed "SANDAG Claim for Damages" ("SANDAG Claim") form to SANDAG at its offices at 401 B Street, 8th Floor, San Diego, CA 92101, Attn: Clerk of the Board. A true and correct copy of the delivered SANDAG Claim is attached hereto as Exhibit C.

22.     By letter dated March 19, 2025, from Peter Stevens, Associate Legal Counsel for SANDAG, to counsel for Plaintiff, SANDAG provided a "NOTICE OF REJECTION OF CLAIM" in which Mr. Stevens rejected the SANDAG Claim and stated, in relevant part, as follows:

> SANDAG is in receipt of the *Claim Against SANDAG* you filed on behalf of your client, HOT System, LLC, on or about February 7, 2025. Investigation of the claim concluded that SANDAG is not liable for the alleged damages. Therefore, notice is hereby given that the above-referenced claim was rejected in its entirety by the SANDAG Chief Executive Officer on March 19, 2025.

COMPLAINT FOR PATENT INFRINGEMENT

A true and correct copy of the March 19, 2025, letter from SANDAG is attached hereto as Exhibit D.

23.     On August 11, 2025, counsel for Plaintiff delivered a "Distribution Draft" version of this Complaint to SANDAG. Thereafter, Plaintiff and SANDAG entered a Tolling Agreement and series of amendments extending the time for the filing of this Complaint.

24.     Despite its knowledge of the Patents and of its infringement of such patents, SANDAG has continued to willfully infringe the Patents so as to obtain the significant benefits of the patented technology without paying compensation to Plaintiff.

25.     Defendant NEOLOGY has been aware of the Patents and the fact that its products, including its FasTrak Flex products, practice the claimed inventions of such Patents since at least August 21, 2025, when counsel for Plaintiff received a confirming call from counsel for NEOLOGY. Further, NEOLOGY had notice of members of the asserted patent family as early as October 24, 2012. This Notice is evidenced by an Information Disclosure Statement filed with the USPTO in patent application Ser. No. 10,062,025 by NEOLOGY's representative Andrew J. Lagatta on October 24, 2012. See Exhibit E. This Information Disclosure Statement cited Plaintiff's US patent publication 2007/0109101 now US Pat. No. 7,924,156.

26.     Despite its knowledge of the Patents and of its infringement of such patents, NEOLOGY has continued to willfully infringe the Patents so as to obtain the significant benefits of the patented technology without paying compensation to Plaintiff.

### GENERAL ALLEGATIONS OF PATENT INFRINGEMENT

27.     Plaintiff realleges and incorporates by reference all preceding paragraphs.

28.     The Patents are valid and enforceable.

29.     DEFENDANTS have infringed, and continue to infringe, one or more claims of the Patents under 35 U.S.C. § 271, either literally, by inducement, by contributory infringement and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, products and/or methods encompassed by those claims, including FasTrak Flex products and services.

30.     DEFENDANTS' infringement has caused, and is continuing to cause, damage and irreparable injury to Plaintiff, and Plaintiff will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court.

31.     Upon further investigation it may be found that DEFENDANTS infringe additional patents owned by Dr. Colby. For example, DEFENDANTS may infringe claims of US Pat. No. 7,924,156.  See Exhibit F.

32.     Plaintiff is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

## I.     COUNT I
## Infringement of U.S. Patent No. 10,810,578

33.     Plaintiff repeats and incorporates by reference the allegations in Paragraphs 1- 32 above as if set forth herein.

34.     DEFENDANTS have been on actual notice of the '578 Patent at least as early as the dates noted above.

35.     DEFENDANTS have had knowledge of the '578 Patent and of Plaintiff's claims of infringement of the '578 Patent at least as early as the dates noted above.

36.     DEFENDANTS manufacture, sell, use, offer for sale, own, direct, and/or control the operation of the FasTrak Flex and generate substantial financial revenues and benefits therefrom[1].

37.     SANDAG and NEOLOGY have directly infringed and continue to directly infringe one or more claims of the '578 Patent in violation of 35 U.S.C. 271(a).  For example, Claims 1-5, 7-11, 13 and 15 are infringed by making, using, importing, selling, and/or offering for sale the FasTrak Flex toll transponder. SANDAG and NEOLOGY directly make and/or sell the infringing FasTrak Flex at least because they are solely responsible for placing the infringing systems into service by directing or controlling the systems as a whole and by obtaining the benefits therefrom. More specifically, and on information and belief, with respect to the FasTrak Flex, SANDAG and

---

[1] See SANDAG Annual Comprehensive Financial Report 2023. *See* Exhibit G.

NEOLOGY manufacture, import, use, sell, practice and/or provide the FasTrak Flex and including all of the limitations of Claims 1-5, 7-11, 13 and 15-16, which when used results in execution of at least the method of Claim 14.

38.     On information and belief, SANDAG and NEOLOGY directly use the infringing FasTrak Flex at least because they import and/or assemble the combined infringing elements and make them collectively available in the United States, including via various retail outlets within the District.[2]  On information and belief, SANDAG and NEOLOGY have further directly infringed the '578 Patent by using the FasTrak Flex as part of their ongoing and regular testing and/or internal legal compliance activities.  Such testing and/or legal compliance necessarily requires SANDAG and NEOLOGY to make and use the FasTrak Flex in an infringing manner. On information and belief, SANDAG and NEOLOGY are direct infringers by virtue of their branding and marketing activities. These marketing activities collectively comprise promotion of, the sale of and offering for sale of the FasTrak Flex.

39.     In the alternative, Plaintiff alleges that SANDAG and NEOLOGY indirectly infringe the '578 Patent by inducing direct infringement by others and/or contributing to the infringement by others of the '578 Patent by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, infringing services for use in systems that fall within the scope of the claims of the '578 Patent. This includes, without limitation, by inducing use of the FasTrak Flex toll transponder in an infringing manner.

40.     On information and belief, SANDAG and NEOLOGY have taken active steps to induce infringement of the '578 Patent, in violation of 35 U.S.C. § 271(b), such as by allowing and promoting the infringing use of the FasTrak Flex by drivers using SANDAG toll roads and/or other toll roads. For example, SANDAG and NEOLOGY provide the FasTrak Flex and promote use thereof by drivers by providing discounts in toll lanes, requiring use of the FasTrak Flex to obtain said discounts, advertising use of the FasTrak Flex, and providing toll tag readers

---

[2] See e.g., Walgreens, 7195 Broadway, Lemon Grove, CA.; Costco Wholesale 17170 Camino del Sur, San Diego, CA.

configured to receive and process signals from the FasTrak Flex device. Such inducement results in infringement of, for example, Claims 14, 15 and 16 of the '578 Patent.

41.    On information and belief, SANDAG's and NEOLOGY's actions represented a specific intent to induce infringement of at least Claims 14, 15 and 16 of the '578 Patent.

42.    On information and belief, SANDAG and NEOLOGY contribute to infringement of the '578 Patent by third parties, in violation of 35 U.S.C. § 271(c), by providing the FasTrak Flex and toll tag readers configured to receive signals from the FasTrak Flex, receiving said signals and executing (or arranging for the execution of) financial transactions based on the received signals, which support a finding of an intention for the accused product to be used in an infringing manner. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd*., 545 U.S. 913, 932, 125 S. Ct. 2764, 162 L. Ed. 2d 781 (2005) (explaining that the contributory infringement doctrine "was devised to identify instances in which it may be presumed from distribution of an article in commerce that the distributor intended the article to be used to infringe another's patent, and so may justly be held liable for that infringement"). For example, SANDAG and NEOLOGY contribute to infringement of Claim 14 of the '578 Patent by users of toll roads by providing the FasTrak Flex toll transponder to toll road users.

43.    On information and belief, DEFENDANTS' contributory and induced infringement result in infringement of at least Claims 1-5, 7-11 & 13-17 of the '578 Patent by third parties, including by drivers on the SANDAG toll roads and/or other toll roads.

44.    The foregoing infringement on the part of DEFENDANTS has caused past and ongoing injury to Plaintiff.  The specific dollar amount of damages adequate to compensate for the infringement shall be determined at trial but is in no event less than a reasonable royalty from the date of first infringement to the expiration of the '578 Patent.

## II.    COUNT II
### Infringement of U.S. Patent No. 11,270,182

45.    Plaintiff repeats and incorporates by reference the allegations in Paragraphs 1- 44 above as if set forth herein.

46.     DEFENDANTS have been on actual notice of the '182 Patent at least as early as the dates noted above.

47.     DEFENDANTS have had knowledge of the '182 Patent and of Plaintiff's claims of infringement of the '182 Patent at least as early as the dates noted above.

48.     DEFENDANTS manufacture, sell, use, offer for sale, own, direct, and/or control the operation of the FasTrak Flex and generate substantial financial revenues and benefits therefrom.

49.     Defendants SANDAG and NEOLOGY have directly infringed and continue to directly infringe one or more claims of the '182 Patent in violation of 35 U.S.C. 271(a). For example, Claims 1-11 and 13-21 are infringed by making, using, importing, selling, and/or offering for sale the FasTrak Flex toll transponder. SANDAG and NEOLOGY directly make and/or sell the infringing FasTrak Flex at least because they are solely responsible for placing the infringing systems into service by directing or controlling the systems as a whole and by obtaining the benefits therefrom. More specifically, and on information and belief, with respect to the FasTrak Flex, SANDAG and NEOLOGY manufacture, import, use, sell, practice and/or provide the FasTrak Flex and including all the limitations of Claims 1-11, 13 and 15-21, which when used results in execution of at least the method of Claim 14.

50.     On information and belief, Defendants SANDAG and NEOLOGY directly use the infringing FasTrak Flex at least because they import and/or assemble the combined infringing elements and make them collectively available in the United States, including via various retail outlets within the District. On information and belief, Defendants SANDAG and NEOLOGY have further directly infringed the '182 Patent by using the FasTrak Flex as part of their ongoing and regular testing and/or internal legal compliance activities. Such testing and/or legal compliance necessarily requires SANDAG and NEOLOGY to make and use the FasTrak Flex in an infringing manner. On information and belief, SANDAG and NEOLOGY are direct infringers by virtue of their branding and marketing activities, which collectively comprise promotion of, the sale and offering for sale of the FasTrak Flex.

51.     In the alternative, Plaintiff alleges that Defendants SANDAG and NEOLOGY indirectly infringe the '182 Patent by inducing direct infringement by others and/or contributing to the infringement by others of the '182 Patent by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, infringing services for use in systems that fall within the scope of the claims of the '182 Patent. This includes, without limitation, by inducing use of the FasTrak Flex toll transponder in an infringing manner.

52.     On information and belief, Defendants SANDAG and NEOLOGY have taken active steps to induce infringement of the '182 Patent, in violation of 35 U.S.C. § 271(b), such as by allowing and promoting the infringing use of the FasTrak Flex by drivers using SANDAG toll roads and/or other toll roads. For example, SANDAG and NEOLOGY provide the FasTrak Flex and promote use thereof by drivers by providing discounts in toll lanes, requiring use of the FasTrak Flex to obtain said discounts, advertising use of the FasTrak Flex, and providing toll tag readers configured to receive and process signals from the FasTrak Flex device. Such inducement results in infringement of, for example, Claims 14-21 of the '182 Patent.

53.     On information and belief, SANDAG's and NEOLOGY's actions represented a specific intent to induce infringement of at least Claims 14-21 of the '182 Patent.

54.     On information and belief, SANDAG and NEOLOGY contribute to infringement of the '182 Patent by third parties, in violation of 35 U.S.C. § 271(c), by providing the FasTrak Flex and toll tag readers configured to receive signals from the FasTrak Flex, receiving said signals and executing (or arranging for the execution of) financial transactions based on the received signals, which support a finding of an intention for the accused product to be used in an infringing manner. See Metro-Goldwyn-Mayer Studios, 545 U.S. at 932. For example, SANDAG and NEOLOGY contribute to infringement of Claim 14 of the '182 Patent by users of toll roads by providing the FasTrak Flex toll transponder to toll road users.

55.     On information and belief, DEFENDANTS' contributory and induced infringement result in infringement of at least Claims 1-11 and 13-21 of the '182 Patent by third parties, including by drivers on the SANDAG toll roads and/or other toll roads.

56.     The foregoing infringement on the part of DEFENDANTS has caused past and ongoing injury to Plaintiff. The specific dollar amount of damages adequate to compensate for the infringement shall be determined at trial but is in no event less than a reasonable royalty from the date of first infringement to the expiration of the '182 Patent.

57.     Each of DEFENDANTS' aforesaid activities have been without authority and/or license from Plaintiff.

### III.    COUNT III
### Contributory Infringement & Inducement to
### Infringe U.S. Patent Nos. 10,810,578 & 11,270,182

58.     Plaintiff repeats and incorporates by reference allegations in Paragraphs 1- 57 above as if set forth herein.

59.     Despite the fact that Plaintiff has exclusive rights in the inventions of the '578 and '182 Patents, DEFENDANTS have infringed, have contributed to the infringement of, and/or have induced infringement of, literally or under the doctrine of equivalents in violation of 35 U.S.C. §271, the '578 and '182 Patents by making, using, offering to sell, and/or selling the FasTrak Flex toll transponders. These infringing transponders infringe or contribute to or induce others to infringe at least one or more claims of the '578 and '182 Patents. DEFENDANTS' infringement and other actions have caused substantial injury to PLAINTIFF.

60.     On information and belief, DEFENDANTS' acts were committed knowingly and intentionally. One or more of DEFENDANTS had knowledge that PLAINTIFF had patent applications and patents covering switchable toll transponders and their methods of use. DEFENDANTS are intentionally manufacturing, selling and using infringing products.

61.     As a result of DEFENDANTS' infringement, Plaintiff has, and will suffer, monetary damages and irreparable injury. Plaintiff's monetary damages include, without limitation, lost profits, or at a minimum, the right to recover a reasonable royalty. Furthermore, unless DEFENDANTS are enjoined by this Court from continuing their infringement of the '578 and '182 Patents, Plaintiff has, and will suffer, additional irreparable damages and impairment of the value of its patent rights. Thus, an injunction against further infringement is appropriate.

-12-

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against DEFENDANTS as follows:

A.    That judgment be entered that DEFENDANTS have infringed the Patents, directly and indirectly, literally or under the doctrine of equivalents;

B.    A judgment that DEFENDANTS' infringement of the Patents has been willful;

C.    That, in accordance with 35 U.S.C. § 283, DEFENDANTS and all affiliates, employees, agents, officers, directors, attorneys, successors, and assigns and all those acting on behalf of or in active concert or participation with any of them, be preliminarily and permanently enjoined from (1) infringing the Patent and making, using, selling, and offering for sale or use any infringing products including the FasTrak Flex product;

D.    An award of damages sufficient to compensate Plaintiff for DEFENDANTS' infringement under 35 U.S.C. ¶ 284;

E.    That the case be found exceptional under 35 U.S.C. § 285 and that Plaintiff be awarded its attorneys' fees;

F.    Costs and expenses in this action;

G.    An award of prejudgment and post-judgment interest; and

H.    Such other and further relief as the Court may deem just and proper.

Dated:  February 5, 2026

RIMON, P.C.


By:  s/ Lisel M. Ferguson/
Gabriel G. Gregg
Lisel M. Ferguson
Attorneys for Plaintiff
HOT SYSTEMS, LLC

1

## **<u>DEMAND FOR JURY TRIAL</u>**

2          Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury on

3     all claims in its Complaint that are triable by a jury.

4

5     Dated:  February 5, 2026                    RIMON, P.C.

6

7                                          By: <u>s/ Lisel M. Ferguson/</u>

8                                              Gabriel G. Gregg
                                               Lisel M. Ferguson
9                                              Attorneys for Plaintiff
                                               HOT SYSTEMS, LLC
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28